UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MONA ELECTRIC GROUP,
INCORPORATED,

*Plaintiff-Appellant,*

v.

TRULAND SERVICE CORPORATION,
*Defendant-Appellee.*

No. 02-1220

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-01-895-A)

Argued: December 5, 2002

Decided: January 6, 2003

Before KING, Circuit Judge, Henry M. HERLONG, Jr.,
United States District Judge for the District of
South Carolina, sitting by designation, and
James P. JONES, United States District Judge for the
Western District of Virginia, sitting by designation.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** Michael John Lorenger, HOGAN & HARTSON, L.L.P.,
McLean, Virginia, for Appellant. Christopher G. Mackaronis, BELL,
BOYD & LLOYD, P.L.L.C., Washington, D.C., for Appellee. **ON**

**BRIEF:** Stanley J. Brown, HOGAN & HARTSON, L.L.P., McLean, Virginia, for Appellant. Michael J. Schrier, BELL, BOYD & LLOYD, P.L.L.C., Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Appellant Mona Electric Group, Inc. ("Mona") appeals an order of the district court granting summary judgment to Truland Service Corporation ("Truland") on Mona's claims for tortious interference with contract, tortious interference with prospective contracts, and misappropriation of trade secrets. We affirm.

### I.

Mona is an electrical contracting company that serves commercial and residential customers throughout the Washington, D.C. metropolitan area. Thad Gerardi ("Gerardi") was a Mona employee off and on from 1971 until 2001. Gerardi held a number of positions at Mona during his employment, the most recent being business development manager. In light of sensitive pricing issues and access to customer-related information, on April 17, 2000, Mona required that Gerardi sign an employment agreement with a restrictive covenant prohibiting post-employment solicitation of Mona's customers. The agreement states in pertinent part: "The employee agrees that for a period of one year after he leaves the employment of the employer, he will not attempt to solicit any of the employer's customers for himself or for any other electrical or technology contractor."

In February 2001 Gerardi left Mona to take a job with Truland, Mona's competitor. Upon his arrival at Truland, Gerardi was assigned the position of service account manager. As a service account man-

ager, Gerardi's job activities included submitting job estimates and performing field service. Typically, a prospective customer would request that Truland submit, along with several other companies, an estimate to perform work. When Truland received a call requesting an estimate, the call was directed to a service account manager. In response to those calls, Gerardi would go to the job site, evaluate the situation, then prepare an estimate and submit the estimate. On several occasions, Gerardi received calls from Mona's customers requesting that Truland submit an estimate on a job. In those instances, Gerardi submitted estimates to Mona's customers. Gerardi never initiated the contact with a Mona customer.

As a result of Gerardi's job activities, Mona brought suit against Truland seeking injunctive and monetary relief for tortious interference with contract, tortious interference with prospective contracts, and misappropriation of trade secrets. Mona moved for partial summary judgment and Truland moved for summary judgment. On December 21, 2001, the district court granted Truland summary judgment. Mona appeals the district court's order granting Truland summary judgment.

## II.

We review the district court's grant of summary judgment *de novo*. *See Shaw v. Stroud*, 13 F.3d 791, 798 (4th Cir. 1994). Summary judgment will be upheld "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "In considering a motion for summary judgment, the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." *Shaw*, 13 F.3d at 798.

As a court sitting in diversity, we apply Virginia choice-of-law principles. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In Virginia, the interpretation of a contract is governed by the law of the place where the contract was made. *See Lexie v. State Farm Mut. Auto. Ins. Co.*, 469 S.E.2d 61, 63 (Va. 1996).

Because the parties concede the contract was formed in Maryland, we apply Maryland law.*

## III.

Pursuant to Maryland law, tortious interference with contract and tortious interference with prospective contracts fall under the single tort of tortious interference with economic relations. *See Lake Shore Investors v. Rite Aid Corp.*, 509 A.2d 727, 732 (Md. Ct. Spec. App. 1986). To be liable for tortious interference with economic relations a party must either induce the breach or hinder the performance of the contract. *See id.* As such, for Truland to be held liable there must be evidence that it either induced Gerardi to "solicit" or hindered Gerardi's performance of the non-solicitation agreement. In granting summary judgment on the tortious interference claim, the district court held that there was no non-solicitation agreement because there was no consideration. Alternatively, the district court held that even if there was an enforceable non-solicitation agreement, Gerardi's conduct did not violate the agreement because Gerardi did not "solicit."

## A.

Mona argues on appeal that the district court erred in concluding that the non-solicitation agreement lacked consideration. In support of its position, Mona asserts that continued at-will employment is adequate consideration to support the non-solicitation agreement. We agree. In Maryland, the continuation of at-will employment for a substantial period of time is adequate consideration for a non-solicitation agreement. *See Simko v. Graymer*, 464 A.2d 1104, 1107 (Md. Ct. Spec. App. 1983). The record indicates that after signing the non-solicitation agreement, Gerardi continued to work for Mona for almost a year. (J.A. at 101, 141-42.) Therefore, the court finds that Gerardi's non-solicitation agreement is supported by adequate consideration and therefore enforceable.

---

*The district court applied Virginia law. On appeal, Mona argues that Maryland law applies because the contract was formed in Maryland. Truland concedes that the contract was formed in Maryland.

## B.

Additionally, Mona argues on appeal that the district court erred in alternatively finding that even if the employment agreement was enforceable, summary judgment was proper because Gerardi did not "solicit." This is an issue of contract interpretation. According to Maryland law, "[t]he interpretation of a written contract is ordinarily a question of law for the court." *Wells v. Chevy Chase Bank, F.S.B.*, 768 A.2d 620, 629-30 (Md. 2001). "In determining the meaning of contractual language, Maryland courts have long adhered to the principle of the objective interpretation of contracts." *Id.* at 630. "Under the objective interpretation principle, where the language employed in a contract is unambiguous, a court shall give effect to its plain meaning and there is no need for construction by the court." *Id.*

Despite Mona's assertion to the contrary, the district court held and we agree that the plain meaning of "solicit" requires the initiation of contact. (J.A. at 135.) Therefore, in order to violate the non-solicitation agreement, Gerardi must initiate contact with Mona's customers. Mona argues that Gerardi solicited when he submitted estimates to Mona's customers. However, this does not fall within the plain meaning of "solicit." If Mona intended to prevent Gerardi from conducting business with its customers it could have easily stated that in the agreement. Taking the facts in the light most favorable to Mona, there is no evidence that Gerardi solicited Mona's customers. Therefore, summary judgment was proper and the district court is affirmed.

*AFFIRMED*